## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KAILA D. STRINGER,

     Plaintiff,

v.                                        CASE NO.:

VALENCIA COLLEGE,

     Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAILA D. STRINGER, (hereinafter "Ms. Stringer" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, VALENCIA COLLEGE, (hereinafter "Valencia," "The College," or Defendant") and states the following:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability, race, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the

1

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII")
and its implementing Regulations; and Chapter 760 of the Florida Statutes,
the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").
In addition, Plaintiff seeks to redress violations by Defendant of the Family
and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq.
("FMLA").

2.     As further set forth below, Plaintiff alleges that Defendant
unlawfully discriminated against her based on her disability and race,
altered the terms, conditions, and privileges of her employment, and
retaliated against her in violation of her rights under the ADA, Title VII, and
the FCRA. Plaintiff further alleges that Defendant unlawfully interfered with
the exercise of Plaintiff's FMLA rights and unlawfully retaliated against her
for exercising those rights in violation of the FMLA.

3.     As a direct and proximate result of Defendant's unlawful actions,
Plaintiff has suffered actual damages including, but not limited to: loss of
income, loss of opportunity for future income, loss of benefits, and loss of
future pay increases. In addition, she has suffered and continues to suffer
loss of her professional and personal reputation, emotional distress, mental
anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.    This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Orange County, Florida.

## PARTIES

8.    Plaintiff is Kaila D. Stringer, a 32-year-old African American female who has been diagnosed with multiple disabilities including depression, anxiety, social anxiety disorder, generalized anxiety disorder, atypical depression, and major depression. These conditions manifest as panic attacks, headaches, chest pains, and inability to sleep and function, which required hospitalization in early May 2023.

9.    Plaintiff is a member of classes protected against discrimination and retaliation based on her disability and race under the ADA, Title VII, the FCRA, and the FMLA.

10.    During the period from August 2017 until May 12, 2023, Defendant employed Plaintiff, first as a contractor and then as a permanent employee in the position of IT Project Manager.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA, Title VII, the FCRA, and the FMLA.

13.    The Defendant, Valencia College, is a post-secondary educational institution serving approximately 70,000 students in Central Florida, with its principal place of business located at 1800 S Kirkman Rd, Orlando, FL 32811.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Orange County, Florida.

15.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADA, Title VII, the FCRA, and the FMLA.

16.    Accordingly, Defendant is liable under the ADA, Title VII, the FCRA, and the FMLA for the unlawful discrimination, interference, and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.    On November 9, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity

Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination, race discrimination, and retaliation.

19.     On March 19, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 510-2024-01458) against Defendant.

20.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22.     Plaintiff suffers from multiple diagnosed disabilities, including depression, anxiety, social anxiety disorder, generalized anxiety disorder, atypical depression, and major depression. These conditions substantially

limit one or more of her major life activities, including but not limited to sleeping, concentrating, thinking, communicating, and working.

23.    Plaintiff's disabilities manifest through symptoms including panic attacks, headaches, chest pains, and an inability to sleep and function. These symptoms were severe enough to require hospitalization in early May 2023.

24.    In August 2017, Plaintiff began working for Defendant Valencia College as a contractor. In April 2018, Defendant hired Plaintiff as a permanent employee in the position of IT Project Manager at a salary of $64,000 per year, which was $8,000 less than her contractor salary.

25.    In October 2018, Defendant hired Joyce Holloway, a Caucasian female with less experience than Plaintiff, as a Senior Project Manager at a salary of $75,000 per year.

26.    In April 2019, despite her qualifications and experience, Plaintiff was denied promotion to a Senior Project Manager position.

27.    In March 2020, due to the COVID-19 pandemic, Plaintiff began working remotely full-time as an IT Project Manager.

28.    In April 2020, Plaintiff filed an internal complaint alleging race discrimination regarding pay disparities and promotion denials.

29.    In December 2020, Defendant's internal investigation concluded with no finding of discrimination, despite clear and objective evidence of pay disparities between Plaintiff and similarly situated Caucasian employees.

30.    Following the 2020 internal complaint, Plaintiff was denied a pay increase after a review of her job title and responsibilities, despite the fact that her role had expanded. This pay increase denial appeared retaliatory in nature and was later compounded by the July 2022 hiring of Jane Courcy, a Caucasian female, as a Project Manager at a salary of $85,000 per year—significantly higher than Plaintiff's salary for substantially similar work.

31.    In August 2022, while Plaintiff was on approved intermittent FMLA leave from Valencia for mental health treatment, she remained an active employee and continued working. She was on leave from a separate concurrent employer, White Cap, during that time.

32.    Following Plaintiff's protected complaint in 2020, Defendant subjected her to ongoing retaliation. Upon Plaintiff's return to her regular schedule, her then-supervisor, Karen Wilson, began subjecting her to heightened scrutiny and harassment, including but not limited to:

a.  Giving Plaintiff a "stern talking to" regarding her approved FMLA use;

b.  Telling Plaintiff that missing meetings for FMLA leave was "not an option";

c.  Intensifying monitoring of Plaintiff's Skype status;

d.  Sending frequent emails demanding to know Plaintiff's whereabouts; and

e.  Increasing Plaintiff's workload beyond pre-FMLA levels.

33.  These retaliatory actions continued after Defendant was compelled to transfer Karen Wilson out of Plaintiff's supervision chain and require her to undergo discrimination training.

34.  In January 2023, Plaintiff requested to be considered for a promotion. That request was denied. Shortly thereafter—on the same day Plaintiff's grievance was denied and her termination finalized—Defendant hired Jane Courcy, a white female, into the promoted position at a salary of $110,000 per year. Ms. Courcy was significantly less qualified than Plaintiff and had less tenure at the College.

35.  Also in January 2023, Plaintiff submitted a formal grievance related to ongoing pay disparities and race-based inequities. Plaintiff's

grievance was denied, and she was not permitted to present key witnesses or provide critical documentation during the grievance hearing, including information regarding the improper disclosure of her FMLA-related communications and employment data.

36.    Between April 13–18, 2023, Defendant improperly and without Plaintiff's authorization disclosed her confidential employment information to her concurrent employer, White Cap. This disclosure included Plaintiff's full-time status, active employment status, job title, work schedule, and specific dates she was out on leave—including FMLA-protected leave dates. Valencia's internal policy required such verifications to be processed through The Work Number, an Equifax system that mandates employee authorization. Valencia failed to verify the identity of the individual requesting the information and did not adhere to its own verification procedures, resulting in the unauthorized release of Plaintiff's private data.

37.    On April 19, 2023, as a direct result of this disclosure, White Cap terminated Plaintiff's employment. Valencia had been made aware—through emails and voicemails from White Cap's Maggie Herman—that disclosure of this information would raise concerns and potentially jeopardize Plaintiff's concurrent employment. Nonetheless, the information

was disclosed, with no legitimate business purpose, and in knowing violation of internal policy. The disclosure appeared to have been motivated, in part, by retaliation, as it occurred following discussions between Valencia's Ryan [LNU] and Brandon McKelvey, whom Plaintiff had previously reported in her 2023 complaint.

38.    On April 24, 2023, Defendant placed Plaintiff on administrative leave. At that time, Brandon McKelvey stated that his primary concern was Plaintiff's use of FMLA leave, and that if he became aware that she had worked a second job while on FMLA, he would terminate her. This statement was made contemporaneously with the events in question and constitutes direct evidence of retaliatory animus. Two witnesses besides Plaintiff were present when the statement was made.

39.    On May 12, 2023, Defendant terminated Plaintiff's employment. This termination was motivated by unlawful retaliation in response to Plaintiff's prior complaints about race discrimination and her use of intermittent FMLA leave—not for any legitimate business reason.

40.    Defendant has demonstrated a pattern and practice of terminating employees who invoke rights under the FMLA and ADA. Notably, other employees, including Angie Riquelme and Elizabeth [LNU],

were similarly terminated after requesting protected leave. In contrast, white employees were paid more favorably—even below published pay minimums—and were not subjected to similar scrutiny or termination when engaging in comparable behavior.

41. In disclosing Plaintiff's private employment and leave information to White Cap, Defendant violated Plaintiff's reasonable expectation of privacy. Valencia's policies and procedures did not authorize such disclosure, and as a public employer governed by Florida's Sunshine Law, Valencia was only authorized to permit inspection of public records— not to proactively share employee records with third parties. The disclosure was retaliatory, unethical, and constituted tortious interference with Plaintiff's advantageous employment relationship with White Cap. Valencia's decision to share the information—following communications between Brandon McKelvey and individuals at White Cap—was likely motivated by retaliatory animus stemming from Plaintiff's 2023 report.

42. As a direct and proximate result of Defendant's discriminatory, retaliatory, and tortious conduct, Plaintiff has suffered substantial damages, including but not limited to:

     a.    Loss of employment and income;

b.    Loss of career opportunities;

c.    Emotional distress;

d.    Mental anguish;

e.    Loss of enjoyment of life;

f.    Damage to professional reputation; and

g.    Other pecuniary and non-pecuniary losses.

## <u>COUNT I</u>
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### Interference
### 29 U.S.C. § 2601 et seq.

43.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    At all times material herein, Plaintiff was an "eligible employee" within the meaning of the FMLA.

45.    At all times material herein, Defendant was an "employer" within the meaning of the FMLA.

46.    Plaintiff was entitled to leave under the FMLA due to her serious health conditions.

47.    Defendant interfered with Plaintiff's FMLA rights by:

a.     Giving her a "stern talking to" about her FMLA use;

b.     Telling her that missing meetings for FMLA leave was "not an option";

c.     Increasing monitoring of her activities via Skype status;

d.     Sending demanding emails about her whereabouts;

e.     Increasing her workload after FMLA use; and

f.     Improperly disclosing her FMLA information to another employer.

48.     As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered damages including lost wages, salary, employment benefits, and other compensation.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA by interfering with Plaintiff's FMLA rights;

B.     Award damages for lost wages, salary, employment benefits, and other compensation denied or lost;

C.    Award liquidated damages equal to the amount of lost wages, salary, employment benefits, and other compensation;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### Retaliation
### 29 U.S.C. § 2601 et seq.

49.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

50.    Plaintiff engaged in protected activity under the FMLA by requesting and taking FMLA leave.

51.    Following Plaintiff's use of FMLA leave, Defendant retaliated against her by:

a.    Increasing scrutiny of her work activities;

b.     Subjecting her to hostile treatment;

c.     Improperly disclosing her FMLA information;

d.     Placing her on administrative leave; and

e.     Ultimately terminating her employment.

52.    A causal connection exists between Plaintiff's use of FMLA leave and the adverse employment actions taken against her.

53.    As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered damages including lost wages, salary, employment benefits, and other compensation.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA by retaliating against Plaintiff;

B.     Award damages for lost wages, salary, employment benefits, and other compensation denied or lost;

C.     Award liquidated damages equal to the amount of lost wages, salary, employment benefits, and other compensation;

D.      Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate;

E.      Award Plaintiff her attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

F.      Grant such other and further relief as this Court may deem

equitable, just, and proper.

<u>**COUNT III**</u>
**VIOLATION OF 42 U.S. CODE § 1981 FOR DISCRIMINATION ON
THE BASIS OF RACE**

54.     Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 42 of this

Complaint as though fully set forth herein.

55.     42 U.S. Code § 1981 - Equal rights under the law - makes it

unlawful to discriminate against any individual in the terms, conditions, or

privileges of employment based on that person's race.

56.     Defendant is an employer within the meaning of 42 U.S.C. § 1981

and was at all relevant times acting under color of state and/or federal law

and in its capacity as Plaintiff's employer.

57.     Plaintiff is an African American female and a member of a

protected class under § 1981.

58.    Plaintiff was qualified for the position of IT Project Manager and performed her job duties competently and satisfactorily at all relevant times.

59.    Despite Plaintiff's qualifications and performance, Defendant treated her less favorably than similarly situated non-Black employees with respect to compensation, promotions, and ultimately, termination.

60.    Specifically, Defendant:

    a.    Hired Caucasian employees such as Joyce Holloway and Jane Courcy at significantly higher salaries than Plaintiff for the same or similar roles, despite their lesser qualifications and/or experience.

    b.    Denied Plaintiff a promotion to Senior Project Manager in April 2019, while promoting similarly situated Caucasian employees.

    c.    Failed to take any corrective action in response to Plaintiff's internal complaints of race-based pay and promotion discrimination made in April 2020 and January 2023.

      d.     Ultimately terminated Plaintiff on May 12, 2023, in part due to her complaints of race discrimination and in retaliation for asserting her rights.

61.    Defendant's actions were willful, malicious, and conducted with reckless disregard for Plaintiff's federally protected rights.

62.    The discriminatory treatment of Plaintiff was motivated, at least in part, by her race.

63.    As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff has suffered and continues to suffer economic losses, including loss of income and benefits, damage to her career and reputation, and emotional pain and suffering.

64.    Plaintiff is entitled to all remedies available under 42 U.S.C. § 1981, including but not limited to back pay, front pay, compensatory damages, attorney's fees, and costs.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff to properly and completely compensate Plaintiff for emotional distress, mental anguish, loss of dignity, and other injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of 42 U.S. Code § 1981;

D.    Award medical expenses for treatment of employment-related mental health conditions caused by Defendant's discriminatory conduct;

E.      Award Plaintiff all other damages available under 42 U.S. Code § 1981, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under 42 U.S. Code § 1981, according to proof;

F.      Award Plaintiff pre- and post-judgment interest;

G.      Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

H.      Grant such other and further relief as this Court may deem just and proper.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race Discrimination
### 42 U.S.C. § 2000e et seq.

65.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

66.     Plaintiff is an African American female and a member of a protected class under Title VII.

67.     At all times material herein, Defendant was an "employer" within the meaning of Title VII.

68.     Plaintiff was qualified for her position and performed her job duties satisfactorily.

69.     Defendant discriminated against Plaintiff based on her race by:

    a.     Paying her less than similarly situated Caucasian employees;

    b.     Denying her promotion opportunities while promoting less qualified Caucasian employees;

    c.     Subjecting her to different terms and conditions of employment than similarly situated Caucasian employees; and

    d.     Ultimately terminating her employment.

70.     Specifically, Defendant:

    a.     Hired Plaintiff at $64,000 per year, which was $8,000 less than her contractor salary;

    b.     Hired Joyce Holloway, a Caucasian female with less experience, as Senior PM at $75,000 per year;

    c.     Denied Plaintiff promotion to Senior PM position;

    d.     Hired Jane Courcy, a Caucasian female, as PM at $85,000 per year.

71.    The conduct of Defendant constitutes unlawful discrimination based on race in violation of Title VII.

72.    As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Emotional distress;

      d.    Mental anguish;

      e.    Loss of dignity;

      f.    Loss of the capacity for the enjoyment of life;

      g.    Damage to professional reputation; and

      h.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII by discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT V</u>
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race-Based Retaliation
### 42 U.S.C. § 2000e et seq.

73.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

74.    Plaintiff engaged in protected activity under Title VII by:

    a.    Filing an internal complaint in April 2020 alleging race discrimination; and

    b.    Complaining to Brandon McKelvey in January 2023 about race-related pay discrepancies.

75.    Following Plaintiff's protected activities, Defendant subjected her to adverse employment actions, including:

    a.    Increased scrutiny of her work performance;

    b.    Placement on administrative leave; and

    c.    Ultimate termination of her employment.

76.    A causal connection exists between Plaintiff's protected activities and the adverse employment actions taken against her.

77.    The actions and inaction of Defendant constitute unlawful retaliation in violation of Title VII.

78.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

        a.    Lost wages and benefits, past and future;

        b.    Lost earning capacity;

        c.    Emotional distress;

        d.    Mental anguish;

        e.    Loss of dignity;

        f.    Loss of the capacity for the enjoyment of life;

        g.    Damage to professional reputation; and

        h.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII by retaliating against Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Race Discrimination
### Florida Statutes §§ 760.01-11

79.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

80.     Plaintiff is an African American female and a member of a protected class under the FCRA.

81.     At all times material herein, Defendant was an "employer" within the meaning of the FCRA.

82.     Plaintiff was qualified for her position and performed her job duties satisfactorily.

83.     Defendant discriminated against Plaintiff based on her race by:

   a.     Paying her less than similarly situated Caucasian employees;

   b.     Denying her promotion opportunities while promoting less qualified Caucasian employees;

c. Subjecting her to different terms and conditions of employment than similarly situated Caucasian employees; and

d. Ultimately terminating her employment.

84. Specifically, Defendant:

a. Hired Plaintiff at $64,000 per year, which was $8,000 less than her contractor salary;

b. Hired Joyce Holloway, a Caucasian female with less experience, as Senior PM at $75,000 per year;

c. Denied Plaintiff promotion to Senior PM position;

d. Hired Jane Courcy, a Caucasian female, as PM at $85,000 per year.

85. The conduct of Defendant constitutes unlawful discrimination based on race in violation of the FCRA.

86. As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits, past and future;

b. Lost earning capacity;

c.     Emotional distress;

d.     Mental anguish;

e.     Loss of dignity;

f.     Loss of the capacity for the enjoyment of life;

g.     Damage to professional reputation; and

h.     Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Race-Based Retaliation**
**Florida Statutes §§ 760.01-11**

87.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

88.    Plaintiff engaged in protected activity under Title VII by:

a.     Filing an internal complaint in April 2020 alleging race discrimination; and

b.      Complaining to Brandon McKelvey in January 2023 about race-related pay discrepancies.

89.    Following Plaintiff's protected activities, Defendant subjected her to adverse employment actions, including:

a.      Increased scrutiny of her work performance;

b.      Placement on administrative leave; and

c.      Ultimate termination of her employment.

90.    A causal connection exists between Plaintiff's protected activities and the adverse employment actions taken against her.

91.    The actions and inaction of Defendant constitute unlawful retaliation in violation of the FCRA.

92.    As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

a.      Lost wages and benefits, past and future;

b.      Lost earning capacity;

c.      Emotional distress;

d.      Mental anguish;

e.      Loss of dignity;

      f.      Loss of the capacity for the enjoyment of life;

      g.     Damage to professional reputation; and

      h.     Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VIII
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Discrimination Based on Disability
### 42 U.S.C. §§ 12101-12213

93.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

94.     At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA, as she has multiple diagnosed disabilities including depression, anxiety, social anxiety disorder, generalized anxiety disorder, atypical depression, and major depression, which substantially limit one or more major life activities including, but not limited to, sleeping, concentrating, thinking, communicating, and working.

95.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

96.     At all times material herein, Defendant employed, and continues to employ, one hundred (100) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the ADA.

97.     Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

98.     Defendant, as Plaintiff's employer, was obligated to provide reasonable accommodations for Plaintiff's disabilities and to protect Plaintiff from discrimination in the workplace.

99.     Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

100.   Plaintiff requested reasonable accommodations for her disabilities, including the use of FMLA leave to manage her medical conditions.

101.   Instead of engaging in the interactive process and providing reasonable accommodations, Defendant subjected Plaintiff to discriminatory treatment, including but not limited to:

            a.      Increased scrutiny of her work performance;

     b.    Hostile treatment regarding her use of medical leave;

     c.    Improper disclosure of her confidential medical information to another employer;

     d.    Placement on administrative leave; and

     e.    Ultimate termination of her employment.

102.  Defendant's actions constitute discrimination in violation of the ADA.

103.  Defendant has demonstrated a pattern and practice of discriminating against employees with disabilities, as evidenced by the terminations of other employees who requested ADA accommodations, including Angie Riquelme and Elizabeth LNU.

104.  As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

     a.    Lost wages and benefits, past and future;

     b.    Lost earning capacity;

     c.    Emotional distress;

     d.    Mental anguish;

     e.    Loss of dignity;

  f.  Loss of the capacity for the enjoyment of life;

  g.  Damage to professional reputation; and

  h.  Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

  A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, by discriminating against Plaintiff based on her disability;

  B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination;

C.       Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.       Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.       Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.       Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IX
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Retaliation
### 42 U.S.C. §§ 12101-12213

105.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

106.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations for her disabilities and utilizing FMLA leave to manage her medical conditions.

107.    Following Plaintiff's protected activities, Defendant subjected her to adverse employment actions, including:

      a.    Increased scrutiny of her work activities;

      b.    Hostile treatment regarding her use of medical leave;

      c.    Improper disclosure of her confidential medical information;

      d.    Placement on administrative leave; and

      e.    Ultimate termination of her employment.

108.    A causal connection exists between Plaintiff's protected activities and the adverse employment actions taken against her, as evidenced by the temporal proximity between her requests for accommodation, use of FMLA leave, and her termination.

109.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, constitute unlawful retaliation in violation of the ADA.

110.    As her employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected activities under the ADA.

111.    Defendant's retaliatory actions materially altered the terms and conditions of Plaintiff's employment.

112.   As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.    Lost wages and benefits, past and future;

      b.    Lost earning capacity;

      c.    Emotional distress;

      d.    Mental anguish;

      e.    Loss of dignity;

      f.    Loss of the capacity for the enjoyment of life;

      g.    Damage to professional reputation; and

      h.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

      A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA by retaliating against Plaintiff for engaging in protected activities;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation;

C.   Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.   Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.   Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT X
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## Disability Discrimination
## Florida Statutes §§ 760.01-11

113.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

114.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the FCRA, as she has multiple diagnosed disabilities that substantially limit one or more major life activities.

115.    At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA, § 760.02(7), Florida Statutes.

116.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

117.    Defendant, as Plaintiff's employer, was obligated to protect Plaintiff from discrimination based on her disability.

118.    However, Plaintiff was subjected to discrimination because of her disability through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents.

119.   Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's acts materially altered the terms and conditions of Plaintiff's employment.

120.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination suffered by Plaintiff, but did not take prompt remedial action.

121.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

122.   As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

       a.     Lost wages and benefits, past and future;

       b.     Lost earning capacity;

       c.     Emotional distress;

       d.     Mental anguish;

e.    Loss of dignity;

f.    Loss of the capacity for the enjoyment of life;

g.    Damage to professional reputation; and

h.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE,** the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the discrimination;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

44

D.    Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness

fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT XI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Disability Retaliation
### Florida Statutes §§ 760.01-11

123.   Plaintiff alleges, realleges, and incorporates by reference all

allegations set forth in each of the preceding Paragraphs 1 through 42 of this

Complaint as though fully set forth herein.

124.   Plaintiff engaged in protected activity under the ADA by

requesting reasonable accommodations for her disabilities and utilizing

FMLA leave to manage her medical conditions.

125.   Following Plaintiff's protected activities, Defendant subjected

her to adverse employment actions, including:

a.    Increased scrutiny of her work activities;

b.    Hostile treatment regarding her use of medical leave;

      c.     Improper disclosure of her confidential medical information;

      d.     Placement on administrative leave; and

      e.     Ultimate termination of her employment.

126.   A causal connection exists between Plaintiff's protected activities and the adverse employment actions taken against her.

127.   The actions and inaction of Defendant constitute unlawful retaliation in violation of the FCRA.

128.   As her employer, Defendant was obligated to protect Plaintiff from retaliation for engaging in protected activities under the FCRA.

129.   As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.     Lost wages and benefits, past and future;

      b.     Lost earning capacity;

      c.     Emotional distress;

      d.     Mental anguish;

      e.     Loss of dignity;

      f.     Loss of the capacity for the enjoyment of life;

g.    Damage to professional reputation; and

h.    Other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, KAILA D. STRINGER, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, VALENCIA COLLEGE, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate measures to overcome the effects of the retaliation;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate her for the nature, extent, and duration of her injuries and damages;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

E.  Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.  Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT XII
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP
### (As to Defendant's Disclosure to White Cap)

130.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

131.  At all relevant times, Plaintiff had a valid and advantageous business relationship with her concurrent employer, White Cap.

132.  Defendant was aware of Plaintiff's employment with White Cap.

133.  Between April 13 and April 18, 2023, Defendant willfully and without authorization disclosed Plaintiff's confidential medical and FMLA-related information to White Cap.

134.  This disclosure included sensitive details about Plaintiff's mental health conditions, treatment, and her use of federally protected FMLA leave.

135.  Defendant's disclosure was not required by law, was not made with Plaintiff's consent, and served no legitimate business purpose related to Plaintiff's employment with Defendant.

136.   Defendant's actions were intentional and designed to interfere with Plaintiff's employment relationship with White Cap, or were undertaken with knowledge that such interference was substantially certain to occur.

137.   On April 19, 2023, as a direct and proximate result of Defendant's unauthorized disclosure, White Cap terminated Plaintiff's employment.

138.   Defendant's interference with Plaintiff's relationship with White Cap was unjustified, malicious, and undertaken in bad faith.

139.   As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered substantial damages, including:

    f.   Loss of her position with White Cap;

    g.   Loss of income and benefits;

    h.   Damage to her professional reputation;

    i.   Emotional distress and mental anguish;

    j.   Other pecuniary and non-pecuniary damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for:

    A.   All compensatory damages resulting from the loss of her employment with White Cap;

B.      Consequential and incidental damages;

C.      Attorney's fees and costs as allowed by law;

D.      Prejudgment and post-judgment interest; and

E.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff respectfully requests a trial by jury.

Date this 17th day of June 2025.

> <u>*/s/ Jason W. Imler, Esq*</u>
> Jason W. Imler
> Florida Bar No. 1004422
> Alberto "Tito" Gonzalez
> Florida Bar No. 1037033
> **Imler Law**
> 23110 State Road 54, Unit 407
> Lutz, Florida 33549
> (P): 813-553-7709
> Jason@ImlerLaw.com
> Tito@ImlerLaw.com
> Ashley@ImlerLaw.com
> Tiffany@ImlerLaw.com